```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
RICHARD RICHARDSON,
                                :
            Plaintiff,              ORDER
                                :
        -against-                   07 Civ. 7198 (LAK)(MHD)
                                :
NEW YORK CITY POLICE et al.,
                                :
            Defendants.
-------------------------------x
```

DOC #: \_\_\_\_\_
DATE FILED: 1/10/08

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

By letters dated November 30, 2007 and January 2, 2008, pro se plaintiff Richard Richardson asked for production of a videotape of a portion of Pennsylvania Station where he was allegedly issued a summons for disorderly conduct on June 26, 2007, as well as access to a variety of individuals who were eyewitnesses to the encounter, including an officer employed by the defendant MTA. The City and MTA defendants have responded, the City disclaiming any access to evidence or involvement in the incident and the MTA reporting that the videotape is erased after 30 days, thus implying that it no longer has it. The MTA also has represented that it will make its own employees available for testimony under the governing rules and that it has no control over non-employees.

Since plaintiff is an untutored pro se litigant, we briefly note for his benefit the following basic rules. If he wishes to

1

take the testimony at trial of any witness who is not employed by the MTA or the City, he must arrange for someone else to serve a subpoena on that witness to appear for trial, if and when a trial is scheduled. If plaintiff wishes to take that person's testimony before trial, he must arrange for someone else to serve a subpoena on that person to appear at a deposition and he must also arrange for the conducting of that deposition by hiring a court reporter to record and transcribe the questions that he poses to the witness and the answers given by the witness. If plaintiff wishes to conduct the pre-trial deposition of an employee of the MTA or the City, he must serve a written notice on the defendants' attorneys, identifying whom he wishes to depose and when and where the deposition is to be conducted, and he is, again, required to arrange for a court reporter to cover the deposition. If plaintiff wishes to conduct one or more depositions, he will be required to bear the expense of each such deposition, including payment of a fee to the court reporter and a charge for the transcript of the deposition. For more information about these and other applicable procedures, plaintiff is urged to contact the Pro Se Clerk of the court for detailed explanations.

Since there is no indication that plaintiff has yet noticed any depositions and since there is no current dispute as to the non-existence of the videotape of the incident, no further action

is required on the part of the court. We will establish a pre-trial schedule at a conference to be scheduled shortly.

Dated: New York, New York
       January 10, 2008

---

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Order have been mailed today to:

Mr. Richard Richardson
1416 Brooklyn Avenue
Brooklyn, New York 11210

Edward G. Lukowski, Esq.
Lewis Johs Avallone Aviles, LLP
21 East Second Street
Riverhead, New York 11901

Sabrina Tann, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007

3